# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

* * * * * * * * * * * * * * * * * * * *

| | | |
|---|---|---|
| CORINNE GENCE, | * | No. 22-0937V |
| | * | |
| Petitioner, | * | |
| | * | Special Master Christian J. Moran |
| v. | * | |
| | * | Filed: October 23, 2024 |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

* * * * * * * * * * * * * * * * * * * *

David Carney, Green & Schafle LLC, Philadelphia, PA, for Petitioner;
Bridget Corridon, United States Dep't of Justice, Washington, DC, for Respondent.

**PUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS**[1]

Pursuant to 42 U.S.C. § 300aa-15(e), petitioner has requested a total of $61,949.53 in attorneys' fees and costs. The undersigned tentatively found that petitioners requested a reasonable amount and were entitled to the full amount requested. The undersigned allowed respondent an opportunity to comment. Respondent did not interpose any objections within the time permitted. Petitioner is awarded the amount requested.

\* \* \*

---

[1] Because this decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). This means the decision will be available to anyone with access to the internet. In accordance with Vaccine Rule 18(b), the parties have 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. Any changes will appear in the document posted on the website.

Petitioner alleged a vaccine caused to suffer a "skin disorder."  Pet., filed Aug. 17, 2022.  She emailed her primary care physician the date of the vaccination and presented photographs of her injury.

A Comprehensive Scheduling Order set deadlines for various events, including the respondent's report and expert reports from both parties.  Order, issued Feb. 10, 2023.  The parties discussed this order in a February 21, 2023 status conference.

Respondent disputed petitioner's entitlement to compensation.  Resp't's Rep., filed May 8, 2023.  Respondent noted, among other points, that petitioner had not presented a report from an expert.

Petitioner supported her case with a report from a dermatoimmunologist, Sergei Grando.  Dr. Grando opined that the vaccine harmed petitioner.  Exhibit 7.

Before the deadline for respondent to file a report from an expert, the parties reported a tentative settlement.  See order, issued Nov. 6, 2023.  Based upon the parties' stipulation, petitioner was awarded $14,750.  Decision, 2024 WL 263223 (Jan. 2, 2024).

Petitioner requests $61,949.53 in attorneys' fees and costs.  Petitioner states that she has not incurred any costs directly.  Petitioner argues that her request is reasonable.  In support, petitioner submitted various exhibits, including a one-page statement from the Expert Institute and a memorandum regarding expert rates.  Pet'r's Mot., filed Mar. 12, 2024.

Respondent did not object to any proposed amounts regarding attorneys' fees.  Instead, respondent deferred to the special master's assessment.  Resp't's Resp., filed May 7, 2024.[2]  As to petitioner's proposal for expert rates, respondent argued that "petitioner should be required to submit reliable, objective evidence to justify the rate requested."  Id. at 3.  Respondent also proposed that the rate paid to respondent's expert ($375.00) be considered.  Id. at 4.  Respondent did not submit any evidence.

Respondent was notified that the amounts appeared reasonable and was given an opportunity to respond.  Order, issued Oct. 8, 2024.  Respondent

---

[2] Respondent's deadline to respond to petitioner's motion for attorneys' fees and costs was March 26, 2024.  Respondent did not seek an enlargement of time nor did respondent request leave to file his May 7, 2024 response out of time.

responded and stated he will not be filing a substantive response.  Resp't's Resp., filed Oct. 21, 2024.

\* \* \*

The Vaccine Act permits an award of reasonable attorney's fees and costs. §15(e). The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  Id. at 1347-48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  Id. at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

\* \* \*

## Attorneys' Fees

Petitioner's attorneys and attorney staff have requested hourly rates that are consistent with the rates previously awarded.  Although a handful of entries might have been questioned, respondent did not interpose any objection "with particularity."  Vaccine Rule 13(a)(3).[3]  The number of hours is reasonable.  Thus, the amount requested for attorneys' fees ($39,130.00) is reasonable.

## Attorneys' Costs, including Expert Costs

Petitioner requests $22,819.53 in attorneys' costs.  The costs associated with collecting medical records, postage, and the court's filing fee are reasonable.  Two other items merit some discussion.

Petitioner incurred a cost of $2,500 for retaining a service to assist with finding an expert.  Citing cases, petitioner argued this cost was reasonable.  Pet'r's

---

[3] For example, the practice of describing people by the generic title "paralegal" or "para" is inconsistent with expected billing practices.  See Boerger v. Sec'y of Health & Hum. Servs., No. 18-130V, 2023 WL 2336987, at *2 (Fed. Cl. Spec. Mstr. Mar. 3, 2023); Floyd v. Sec'y of Health & Hum. Servs., No. 13-556V, 2017 WL 1344623, at *3 (Fed. Cl. Spec. Mstr. Mar. 2, 2017).

Mot. at 3-4. Respondent did not object with particularity. See Resp't's Resp. The charge is accepted as reasonable.

Next, petitioner seeks an award of $19,575.00 for the work of Dr. Grando. Dr. Grando has charged for 26.1 hours of work at an hourly rate of $750.00 per hour. Pet'r's Mot. at pdf 35.

Reasonable expert fees are determined using the lodestar method, in which a reasonable hourly rate is multiplied by a reasonable number of hours. Caves v. Sec'y of Health & Human Servs., 111 Fed. Cl. 774, 779 (2013). Here, respondent has not questioned the number of hours Dr. Grando spent. They are accepted as reasonable. Thus, the potentially disputed aspect concerns the hourly rate.

Dr. Grando has charged $750 per hour. Pet'r's Mot. at pdf 35. Support comes largely from a statement from the Expert Institute and a memorandum. Respondent at least questioned this aspect of petitioner's proposal. See Resp't's Resp. at 3-4.

Petitioner's memorandum regarding expert rates mostly presents policy-based arguments for why the Vaccine Program should compensate experts at higher hourly rates. It largely overlaps with a memorandum regarding expert rates filed by a different attorney from a different law firm.[4] See Thomas v. Sec'y of Health & Hum. Servs., No. 18-1948, 2024 WL 4442050 (Fed. Cl. Spec. Mstr. Aug. 6, 2024). These general arguments carry relatively little value because special masters should decide issues based upon evidence.

Within petitioner's memorandum, there is one nugget of useful information----information about Dr. Grando's background. See Pet'r's Mot., tab E (memorandum) at 5.[5] Based upon Dr. Grando's curriculum vitae, which was filed as Exhibit 8, petitioner states that Dr. Grando has earned "an MD, PhD and Doctorate of Science in Medicine." Pet'r's Mot., tab E, at 5. Petitioner further asserts that Dr. Grando possesses "special expertise in immunodermatology." Id.

To translate this experience into an hourly rate, petitioner appears to rely primarily upon a sheet from the Expert Institute. See Pet'r's Mot. at 5 ¶ 5. This sheet asserts that the average rate for reviewing records in the western part of the

---

[4] Petitioner's attorney appears not to have charged for drafting this memorandum.

[5] Petitioner cited a website, but did not include any excerpt as an exhibit. This practice does not show the reliability of the information presented in the brief.

4

United States is $1,320 per hour for dermatologist and $1,000 per hour for immunologists. Pet'r's Mot. tab D. Thus, petitioner argues that $750.00 per hour is reasonable.

Whether respondent has interposed an objection "with particularity" (see Vaccine Rule 13(a)(3)) is open to question. At a minimum, respondent has raised questions about the reasonableness of the proposed hourly rate.

Even if just barely, the evidence preponderates in favor of finding that $750 is a reasonable hourly rate for Dr. Grando. Like respondent, the undersigned has questions about the persuasiveness of the statement from the Expert Institute. The undersigned notes that the one-page sheet is not attributed to a person (or group of people). The one-page sheet does not explain the methodology as to how someone at the Expert Institute determined the average rates. Basic questions include how the doctors were selected to provide information and how many doctors provided information. Another potentially relevant piece of information is the compensation provided to the Expert Institute. If the Expert Institute is in the business of matching experts with attorneys who pay for the expert's services, the Expert Institute might appear to have an incentive to provide information that supports higher hourly rates. This incentive is not necessarily disqualifying, but any bias or prejudice should be disclosed. In future cases, petitioners who attempt to rely upon very thin information from the Expert Institute risk having their motion for costs denied due to a lack of supporting evidence. See Bartlett v. Barbes, 2020 WL 6785104, at *3 (W.D. Ky. 2020) ("Without any corroborating information, the Court cannot credit the Expert Institute's bald assertion that $930 is the national average for expert testimony from orthopedic surgeons"); see also Vaccine Rule 13(a)(1) ("Petitioner must include any and all materials necessary to substantiate the request . . . . Failure to include complete documentation in support of the request may result in the denial, or reduction in amount, of an attorney's fees and costs award").

On the other hand, respondent has not offered any better evidence. Respondent urges "case-by-case determinations." Resp't's Resp. at 4. Yet, respondent has not engaged with the evidence in this case. For example, respondent asserts that the experts he retains are paid $375.00 per hour. But, respondent does not support this attorney argument with a statement from a person who is knowledgeable about the rates paid to government expert and who can testify at a hearing. Moreover, respondent's general argument is especially lacking when respondent did not present a report from any expert in this case and when respondent appears not to have considered the strong qualifications from Dr. Grando.

In sum, petitioner's evidence regarding a reasonable hourly rate ekes past the preponderance of the evidence standard. Dr. Grando will be compensated at a rate of $750.00 per hour. Thus, his total compensation is $19,575.00.

\* \* \*

Petitioner is awarded $61,949.53. This amount shall be made payable as a lump sum in the form of a check jointly payable to petitioner and petitioner's counsel, David Carney.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[6]

**IT IS SO ORDERED**.

s/Christian J. Moran<br>
Christian J. Moran<br>
Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.